STATE *versus* CITY OF BANGOR.

Under Revised Statutes of 1840, c. 25, § 89, subjecting the party obliged to repair certain ways, &c., to fine for injuries resulting from defects therein, the amount of forfeiture, within the limits of the statute, may be fixed by the Court in the exercise of its discretion.

The Judge at *Nisi Prius* having imposed such forfeiture, his decision is final.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

This was an indictment under the Revised Statutes of 1840, c. 25, § 89, for a defective bridge, whereby one Earnest Klatz was drowned. The plea was not guilty.

The jury returned a verdict of guilty. Whereupon the Judge presiding assessed the damages in the sum of one thousand dollars.

To this the defendant city excepted, because the Judge did not allow the jury to assess the damages and fix the penalty, but reserved it to himself; and because the penalty fixed by the Judge was excessive.

*A. Sanborn*, for State.

*Waterhouse*, for defendants.

TENNEY, C. J. — By the statute of Massachusetts, entitled " An Act making provision for the repair and amendment of highways," passed March 5, 1787, § 7, if the life of any per-son shall be lost through the deficiency of the way, &c., the county, town or persons, who are by law obliged to repair and amend the same, were to be amerced in the sum of one hundred pounds, to be paid to the executor or administrator of the deceased, for the use of the heirs, upon conviction, on a presentment or indictment of the grand jury. The statute of 1821, of this State, subjects the party, obliged to repair and amend the way, &c., to the liability to be amerced in the sum of three hundred dollars, in such case, to be recovered on a presentment or indictment of the grand jury. c. 118, § 17.

The statute now in force, R. S., c. 25, § 89, is substantially the same as the two former, excepting, that instead of the penalty, fixed at a given sum, it is provided that it shall not exceed the sum of one thousand dollars.

It is insisted by the counsel for the defendant, that inasmuch as the power is manifestly.intended to be given, to reduce the forfeiture below the sum of one thousand dollars, this power is conferred upon the jury; and that in this case they should have been allowed by the Court to have assessed the damages, as the forfeiture.

The language of the existing statute does not differ from other statutes for the punishment of crimes by a pecuniary forfeiture, which is not made absolutely certain in amount, in reference to the question which we are now considering. In such cases, the jury have always been called upon to declare in an oral verdict, whether the accused was guilty or not guilty of the offence charged; and the amount of forfeiture has been fixed by the Court, in the exercise of its discretion. The appropriation of the penalty, by the statute, has never been regarded in practice as a ground for the transfer of the power to determine the same, from the Court to the jury.

In the statutes of 1787, and of 1821, the forfeiture being fixed by law, the Court were called upon only to render the judgment accordingly; and the jury were never expected to connect with their verdict of guilty, the declaration of the forfeiture incurred. And, as the present statute is a substantial revision of the former, if the Legislature intended to impose upon the jury the duty of determining the sum which should be forfeited, it would have been so declared.

If, however, there be any doubt upon this question, it does not arise in this case, inasmuch as it has been agreed between the county attorney and the defendants' solicitor, that the forfeiture shall be adjudged by the Court; and exceptions do not lie to the exercise of a power thus conferred.

As in all criminal cases, in which the Court is to judge of the degree of punishment, within the limits of the statute, to be inflicted, the penalty was imposed in this instance by the Court, in its discretion, and is final.

*Exceptions dismissed.*

HATHAWAY, APPLETON, GOODENOW and MAY, J. J., concurred.